UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL RODGERS, | 1:15-cv-00128-EPG-PC |
| Plaintiff, | ORDER |
| v. | (1) DISMISSING FIRST AMENDED COMPLAINT, AND |
| M. BOWEN, et al., | (2) GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT |
| Defendants. | THIRTY DAY DEADLINE |
| | (ECF No. 8.) |

Plaintiff Russell Rodgers ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed the Complaint commencing this action on January 28, 2015.  (ECF No. 1.)  Plaintiff then voluntarily filed a First Amended Complaint, (ECF No. 8), which is before this Court for screening.

This Court has screened Plaintiff's First Amended Complaint and finds that it fails to state a claim as to any defendants.  While Plaintiff sets out troubling facts about the food

---

[1] On February 19, 2015, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

provided at the facility, which would state a colorable claim for inadequate food, Plaintiff has failed to allege facts regarding the liability of the individual defendants. The Court has described the applicable law in this order, so that Plaintiff may file a Second Amended Complaint naming only the defendants who might be liable consistent with this law along with any facts that would support Plaintiff's claim that such defendants acted with deliberate indifference.

I.  **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. While factual allegations are accepted as true, legal conclusions are not. Id.

///

///

## II.  SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint stems from the food provided at Central Valley Modified Community Correctional Facility ("CVMCCF").  Plaintiff claims that the food is inadequate in many ways.  Among other things, the portions are inadequate; the meals are contaminated with debris such as rocks and thorns; the milk is spoiled; and the vegetables are rotten.  As a result, Plaintiff has suffered from weight loss and fatigue.

## III.  LEGAL STANDARDS

Inmates alleging Eighth Amendment violations based on prison conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wallis v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995).  Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to the inmate's health or safety. Farmer, 511 U.S. at 838–40.

The Eighth Amendment standard requires proof of both the objective and subjective components. Hudson v. McMillian, 503 U.S. 1 (1992).  First, the deprivation alleged must objectively be sufficiently serious, resulting in a denial of the "minimal civilized measures of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  In proving the objective component, an inmate must establish that there was both some degree of actual or potential injury, and that society considers the acts that the plaintiff complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to those acts. Helling v. McKinney, 509 U.S. 25, 36 (1993); see also Estelle v. Gamble, 429 U.S. 97, 102 (1976).  The subjective component requires proof that the prison official possessed a sufficiently culpable state of mind: "deliberate indifference to inmate health and safety." Farmer, 511 U.S. at 834–36.  With regard to deliberate indifference, a prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.  The subjective component requires proof that the official was (1) aware of the facts

that would lead a reasonable person to infer the substantial risk of serious harm; (2) actually made the inference that the substantial risk of serious harm to the plaintiff existed; and (3) knowingly disregarded the risk. Id.  The Court in Farmer explained:

> [p]rison officials charged with deliberate indifference might show, for example, that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent. In addition, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.

Farmer, 511 U.S. at 844.  If either of these components is not established, the Court need not inquire as to the existence of the other.  Helling, 509 U.S. at 35.

The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing.  The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation. "In Hutto v. Finney, 437 U.S. 678, 686–87 (1978), the Supreme Court observed that serving inmates a tasteless food concoction called 'grue', which provided only 1000 calories a day, might be unconstitutional if served for long periods." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (internal citations and quotations omitted).

The Ninth Circuit has stated:

> [S]ection 1983 suits do not impose liability on supervising officers under a respondeat superior theory of liability.  Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." [citation omitted].  The supervising officer has to "set in motion a series of acts by others . . . which he knew or reasonably should have known, would cause others to inflict the constitutional injury." [citation omitted].

Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir. 2003); abrogated on other grounds by Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt County, 542 U.S. 177 (2004).  Additionally, a supervisor may be liable under section 1983 if a plaintiff can show that "'in light of the duties assigned to specific officers or employees, the need for more or different

training is obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy-makers . . . can reasonably be said to have been deliberately indifferent to the need.'" Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); see also Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc), abrogated on other grounds, Farmer, 511 U.S. 825 ("Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation.").

## IV.   ANALYSIS OF PLAINTIFF'S CLAIMS

While Plaintiff's First Amended Complaint sets out a colorable claim for inadequate and unhealthy food, Plaintiff fails to allege facts imposing liability on the individual named defendants. Plaintiff's First Amended Complaint asserts in a conclusory way that each defendant knew of the food conditions and acted intentionally. But Plaintiff fails to provide supporting facts that would show that defendants caused the inadequate food and did so with deliberate indifference. Indeed, Plaintiff does not state what role each defendant had regarding providing the inadequate food, facts establishing that they were aware of the conditions, or facts showing that they acted intentionally. This is especially true considering the limitations against supervisory liability described above.

## V.   CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983 because there are insufficient facts about the named defendants to find that they caused the food conditions and acted deliberately in doing so.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will provide Plaintiff with time to file a Second Amended Complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file a Second Amended Complaint within thirty days if he chooses to do so. Such a complaint should name only defendants that would be liable under the law discussed above. Additionally, the Second

Amended Complaint should describe each defendant's role regarding providing food as well as all facts that support Plaintiff's contention that the defendants acted intentionally in providing inadequate food.

The Second Amended Complaint must allege constitutional violations under the law as discussed above.  Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights.  Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 676.  Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights by acting with deliberate indifference to Plaintiff's health or safety, which is sufficiently serious.  Jones, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The Second Amended Complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is dismissed for failing to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff may file a Second Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;

4. If Plaintiff chooses to file a Second Amended Complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:15-cv-00128-EPG-PC; and

5. If Plaintiff fails to file a Second Amended Complaint in thirty days, this action will be dismissed for failure to state a claim and failure to follow a Court order.

IT IS SO ORDERED.

Dated:   **March 31, 2016**                          /s/ Erica P. Grosjean
                                                                       UNITED STATES MAGISTRATE JUDGE